**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT DAVID DUNN,

        Petitioner-Appellant,

    v.

RANDALL WORKMAN, Warden, and
STATE OF OKLAHOMA,

        Respondent-Appellees.

No. 05-6269

(W.D. of Okla.)

(D.C. No. CV-05-0726-F)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**   *

---

Before **TACHA** , Chief Judge, **HARTZ** , and **TYMKOVICH** , Circuit Judges.  **

---

Petitioner-Appellant Robert David Dunn , a state prisoner appearing pro se,

appeals the dismissal of his habeas corpus petition. Although the writ was styled

as a claim for relief pursuant to 28 U.S.C. § 2254, it was properly construed by

the lower court as a claim brought under 28 U.S.C. § 2241, because Dunn did not

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

challenge the validity of his conviction or sentence but only challenged the execution of that sentence. *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997) ; *Hamm v. Saffle* , 300 F.3d 1213, 1216 (10th Cir. 2002). Upon the recommendation of a magistrate judge, the district court denied Dunn's petition as untimely. The district court did not grant a certificate of appealability (COA) on Dunn's claim. Accordingly, he now seeks a COA from this court. *See* 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner challenging state detention to obtain a COA prior to proceeding on the merits of an appeal). Because he has failed to show that reasonable jurists would find the district court's procedural ruling debatable, we DENY a COA and AFFIRM the decision below.

## I. Background

Robert David Dunn pleaded guilty to multiple counts of rape and sexual child abuse on February 27, 1992. That same day, he was sentenced to state prison for two life sentences and two twenty-year sentences. He was also sentenced to county jail for two one-year sentences. The two twenty-year sentences were to run concurrently with each other. The two life sentences were to run concurrently with each other and concurrently with the two one-year sentences.

Dunn was placed in custody in state prison where he alleges that, as a technical matter, he was required to serve out his twenty-year terms before service

of his life sentences would begin. Although he remained at the same prison the entire time, Dunn alleges this change between the service of his sentences occurred on September 9, 2000.[1]

On June 24, 2005, Dunn filed a federal habeas petition in the United States District Court for the Western District of Oklahoma, challenging the order in which his sentences were being served. The case was initially referred to a magistrate judge who issued an order requiring Dunn to show cause why the petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). Dunn responded with a brief in support of his original habeas petition, and the magistrate issued a report and recommendation, which the district court adopted in full. On August 8, 2005, the district court dismissed Dunn's petition as untimely. Dunn filed a notice of appeal on August 15, 2005, and the district court neither granted nor denied him a COA.

## II. Discussion

"Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial." *See* 10th Cir. R. 22.1(C). This court may issue a COA if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see*

---

[1] It is unclear how his twenty-year sentences were discharged after he served less than nine years in prison. However, this fact is immaterial to the legal conclusion reached here.

-3-

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where, as here, the district court denies a habeas petition on procedural grounds, the burden is on the petitioner to demonstrate *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).  In Dunn's case, we need not reach the substantive claim,[2] because he has failed to show that the district court's procedural ruling was debatable.

## A.  Timeliness

---

[2] Dunn's claim is that, because he spent over a year in a county jail before being transferred to the state prison, and because the two one-year sentences in the county jail were to run concurrently in time with his life sentences, the period spent at the county jail somehow discharged both his one-year sentences and his life sentences.  Aplt. Br. at 14.  Specifically, by transferring him to a state prison and starting the clock on his two twenty-year terms, he argues, the government "took Mr. Dunn off the two life sentences that he was serving [c]oncurrently with his two one year sentences, in effect saying that the sentences were served." *Id.* Thus, because Dunn alleges the government discharged his twenty-year sentences on September 9, 2000, and because he believes he is no longer required to serve his remaining sentences, he requests immediate release.

Even if we were to reach Dunn's substantive arguments, "a general assessment of [the] merits," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), shows them to be factually unsupported and legally frivolous.  Dunn, who bears the burden of proof, has failed to show he spent any time in the county jail *after* his sentence was pronounced.  Further, the nonsensical nature of his argument that his life sentences were discharged because he spent time in the county jail is demonstrated by the fact that the judge specifically sentenced him to life *in state prison*.  Sent. Tr. at 95.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for all habeas applications filed by prisoners in state custody. 28 U.S.C. § 2244(d)(1). In Dunn's case, the countdown began on the later of (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), or (2) "the date on which the predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). Under both of these methods, Dunn's petition is untimely.

Because Dunn's conviction and sentence were entered on February 27, 1992, and he failed to withdraw his plea within the ten-day period provided by the Oklahoma Court of Criminal Appeals, Rule 4.2(A), his judgment became final on March 9, 1992. Thus, using the first method, the statutory period would have begun on March 9, 1992, and expired on March 9, 1993. *See* 28 U.S.C. § 2244(d)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1260–61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method). This was over twelve years before Dunn filed his habeas petition on June 24, 2005.

The action that constitutes the predicate to Dunn's claim for relief is the Oklahoma Department of Corrections' decision to start the service of his life

sentences after allegedly discharging his twenty-year sentences on September 9, 2000. The record indicates that Dunn became aware of the challenged action on or about that date. Thus, using the second method, the statutory period would have begun at that time and correspondingly expired on or about September 9, 2001, which is nearly four years before Dunn filed his habeas petition.

## B. Equitable Tolling

Construing Dunn's pro se appeal liberally, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), he makes an argument for equitable tolling. We have held that "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Rather, the remedy is reserved for "rare and exceptional circumstances," *id.*, such as "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Dunn does not base his argument on any such extraordinary grounds. Rather, his sole explanation for late filing is his own ignorance of the law.

Specifically, when ordered to show cause why his claim was not barred by 28 U.S.C. § 2244(d)(1), Dunn responded,

> The petitioner asks the Honorable Court's forgiveness for not filing this petition in 2000. Your petitioner is not learned in the law, but is a pretty good farmer.

Pet'r Br. in Supp. at 1. On appeal, he informs the court that his substantive argument did not occur to him because he was raised in the Quaker religion and was therefore "taught that the State or the Government could/can do whatever they want in enforcement of their laws and administer them the way that they want to." Aplt. Br. at 3.

Ignorance of law does not excuse a late filing, even for a pro se prisoner. *See Marsh*, 223 F.3d at 1220. By Dunn's own admission, he did not "diligently pursue[] his claims," and no "extraordinary circumstances beyond his control" prevented him from timely filing. Thus, his argument for equitable tolling fails.

### III. Conclusion

Dunn's petition was clearly untimely, and he has failed to demonstrate the kind of rare and exceptional circumstance that would entitle him to equitable tolling. We conclude that jurists of reason would not find the district court's procedural decision debatable. Accordingly, we DENY a COA and DISMISS the case. We DENY Dunn's motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge