**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

EMBRY JAY LOFTIS,

      Petitioner - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS,

      Respondent - Appellee.

No. 08-7059
(E.D. Okla.)
(D.Ct. No. 6:07-CV-00377-RAW-KEW)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

_____

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

_____

Embry Jay Loftis, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C.

§ 2241 petition for habeas corpus for failure to exhaust administrative remedies.

We deny his request for a COA and dismiss this appeal.

## I. BACKGROUND

On May 19, 2006, a female prison staff member filed an Offense Report for

Menacing stating Loftis had yelled and become belligerent and obnoxious in the

prison law library, jumping from his chair in a "menacingly threatening manner."

(R. Vol. I, Doc. 1, Exh. 3.) On May 30, 2006, a disciplinary hearing was held and Loftis was found guilty. As punishment, the Oklahoma Department of Corrections (DOC) revoked 365 good time credits from Loftis, among other things. On June 1, 2006, the facility head affirmed the outcome of the hearing.

Loftis attempted to submit two appeals to the DOC. Both were returned unanswered by the DOC Director's Designee due to Loftis' failure to comply with DOC policy. In response to his second submission, the Director's Designee advised Loftis he could not resubmit his appeal. Loftis submitted correspondence to the Director's Designee, stating he did not understand why his appeals were rejected. The Director's Designee advised Loftis the decision was final. Loftis then submitted a request to submit an appeal out of time. The Acting Director's Designee denied the request.

Loftis next sought judicial review of the disciplinary hearing in Oklahoma County District Court pursuant to Okla. Stat. tit. 57, § 564.1.[1] The court found Loftis had received all due process protections. It also found dismissal was required under Okla. Stat. tit. 57, § 566(A)(1) because Loftis failed to exhaust his

---

[1] This statute provides an avenue for prisoners to challenge the due process afforded them in prison disciplinary procedures that result in the revocation of earned credits. *See* Okla. Stat. tit. 57, §§ 564.1(A), (D). Exhaustion of administrative remedies is a prerequisite to judicial review. *See id.* § 564.1(A) ("In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court . . . .").

administrative remedies.[2]  *Loftis v. Jones*, No. CJ-06-9700 (Okla. County Dist. Ct. Aug. 10, 2007).  Loftis then filed a petition of error in the Oklahoma Court of Criminal Appeals (OCCA), which the court construed as a petition for writ of mandamus and summarily denied.  *Loftis v. Okla. County Dist. Ct.*, No. MA-2007-884 (Okla. Crim. App. Oct. 9, 2007).

On November 7, 2007, Loftis filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in federal district court.  The DOC filed a motion to dismiss for failure to exhaust administrative remedies.  Loftis opposed the DOC's motion claiming he had exhausted his administrative remedies.  The court agreed with the DOC and dismissed Loftis' petition.

Loftis filed a timely notice of appeal.  The district court granted Loftis' motion to proceed *in forma pauperis* (*ifp*) on appeal but denied his request for a COA.  On September 3, 2008, Loftis filed in this Court a Motion to Dismiss with Leave to Exhaust Administrative Remedies.[3]  On October 27, Loftis filed an

---

[2]  Pursuant to this statute, "[a]ny action by an inmate initiated against . . . the Department of Corrections . . . may be [ ] [d]ismissed with or without prejudice, by the court on its own motion or on a motion of the defendant, if all administrative and statutory remedies available to the inmate have not been exhausted in a timely manner; . . . ."  Okla. Stat. tit. 57, § 566(A)(1).

[3]  In this motion, Loftis requested his appeal be dismissed without prejudice pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e (PLRA).  The PLRA does not apply to § 2241 proceedings.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Because he is proceeding pro se, we liberally construe Loftis' pleadings and consider the contents of this motion despite the inapplicability of the PLRA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

opening brief referencing his motion to dismiss.[4]

## II. DISCUSSION

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of in the petition arises out of process issued by a State court." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quotations & citation omitted). We will issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Because the district court dismissed Loftis' petition on procedural grounds, Loftis must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A plain procedural bar is present here and the district court was correct to

---

[4] Because he did not specifically request a COA in this Court, we will treat Loftis' notice of appeal as a request for a COA. *See United States v. Gordon*, 172 F.3d 753, 753-54 (10th Cir. 1999); Fed. R. App. P. 22(b)(2).

-4-

invoke it. As a general rule, "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) ("The [independent and adequate state ground] doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds."). The OCCA's judgment here was based on an adequate and independent state law procedural ground, Okla. Stat. tit. 57, § 566(A)(1).

A petitioner may overcome the procedural bar only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Loftis does not contend this Court's failure to consider his claims will result in a fundamental miscarriage of justice. He does argue that his default was caused by the fact the DOC Director's Designee incorrectly advised him he could not resubmit his appeal after his first two appeals were rejected for failure to comply with DOC policy. Loftis did not raise this argument before the district court and thus, we

will not consider it.[5] *See Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal."); *see also Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (concluding habeas petitioner had waived any claims that he did not raise in the district court); *Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) (declining to consider cumulative error argument that habeas petitioner did not make in his revised habeas petition).

We **DENY** Loftis' request for a COA and **DISMISS** this appeal**.**

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

[5] Were we to consider this sufficient to constitute cause for his default, Loftis' petition would still be procedurally barred because he has not demonstrated he suffered actual prejudice on account of the DOC's alleged error. The Director's Designee rejected Loftis' first and second appeals because no due process review was conducted by the facility head. Loftis does not allege and the record does not indicate the facility head ever conducted the requisite due process review. If he had been allowed to submit a third appeal, we presume it too would have been rejected for failure to comply with DOC policy.