FILED
United States Court of Appeals
Tenth Circuit

October 8, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALLAN D. SCHUBERT,

> Petitioner–Appellant,

v.

JUSTIN JONES,

> Respondent–Appellee.

Nos. 13-7019 & 13-7020

(D.C. Nos. 6:12-CV-00263-RAW-KEW
& 6:12-CV-00278-RAW-KEW)

(E.D. Okla.)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Petitioner Allan Schubert, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of two separate § 2241 habeas petitions challenging two prison misconduct convictions, one for group disruptive behavior and the other for battery. The first misconduct conviction, which is the subject of appeal number 13-7019, involved an incident that occurred on September 2, 2010. Following his conviction, Petitioner appealed to the facility head. After conducting a due process review, the facility head affirmed the findings of the disciplinary officer. Petitioner then attempted on three occasions to appeal to the Administrative Review Authority. His first

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal was returned unanswered because it was submitted on the incorrect form, but he was given the opportunity to refile within ten days. Petitioner's second appeal was returned unanswered because Petitioner had failed to sign and date the form at the designated locations. Petitioner then resubmitted his second appeal with a letter requesting that the appeal be considered despite the fact he failed to properly complete the form. This correspondence was not answered. Following his failed attempts to appeal, Petitioner filed a petition for judicial review in the Oklahoma County District Court pursuant to Oklahoma Statute title 57, section 564.1. The court dismissed the petition for lack of jurisdiction, finding "Petitioner never correctly submitted his appeal to the Director," and "[t]hus, . . . never fully exhausted [his] administrative remedies." (No. 13-7019, R. at 141.) Petitioner appealed to the Oklahoma Supreme Court, which dismissed the appeal as untimely because it was filed beyond the thirty-day time-limit.

The history surrounding Petitioner's second misconduct conviction is much the same. This conviction, which is the subject of appeal number 13-7020, involved an incident that occurred on April 19, 2011. Following his conviction, Petitioner again sought due process review, and the facility head again approved the findings of the disciplinary officer. According to the Oklahoma State Penitentiary appeal files, Petitioner did not appeal the outcome of his disciplinary hearing. Rather, Petitioner submitted three grievances—not misconduct appeals—to the Administrative Review Authority. Each was returned unanswered because of filing deficiencies, and Petitioner was instructed to follow the correct procedures and that "[c]ontinued improper submissions may result in

the loss of appeal privileges." (No. 13-7020, R. at 66.) Petitioner did not correct the identified errors. Instead, he again filed a petition for judicial review in the Oklahoma County District Court, which dismissed the petition for lack of jurisdiction in light of Petitioner's failure to exhaust his administrative remedies. He appealed to the Oklahoma Supreme Court, but this appeal, too, was dismissed as untimely.

Petitioner then filed the two instant § 2241 petitions challenging his misconduct convictions on several grounds. In each case, Respondent moved to dismiss the petition as procedurally barred. The district court agreed, concluding that the state court's dismissal of Petitioner's "petition for judicial review . . . for failure to exhaust" and the dismissal of his appeal "for failure to appeal in a timely manner" constitute "independent and adequate state ground[s] that bar[] federal habeas review." (No. 13-7019, R. at 156-57 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also* No. 13-7020, R. at 92-93.) It further concluded that Petitioner had failed to show cause sufficient to excuse the procedural bar. Accordingly, the district court dismissed both of Petitioner's petitions. Petitioner now seeks a certificate of appealability, arguing the district court erred in adopting the state court's conclusion that he failed to exhaust his administrative remedies and in concluding that the state court's reliance on Oklahoma's procedural rules constituted an independent and adequate state ground barring habeas review.

After thoroughly reviewing the records and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's conclusion that both of Petitioner's petitions were procedurally barred and that Petitioner has not shown

-3-

sufficient cause to excuse the procedural bar. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As we have previously explained, Oklahoma courts' dismissal of a petition for judicial review for failure to exhaust administrative remedies constitutes an adequate and independent state law procedural ground. *Loftis v. Okla. Dep't of Corr.*, 308 F. App'x 290, 292 (10th Cir. 2009). So too does dismissal for failing to timely file a notice of appeal. *See Hamm v. Saffle*, 300 F.3d 1213, 1217 (10th Cir. 2002) (concluding that "failure to comply with [the thirty-day notice of appeal requirement] constituted an independent and adequate state ground that bars federal habeas review"). Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's requests for a certificate of appealability and **DISMISS** these appeals.

Entered for the Court


Monroe G. McKay
Circuit Judge