F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

        Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

        Respondent-Appellee.

No. 07-6021

Western District of Oklahoma

(D.C. No. 05-CV-1252-T)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Alvin Parker, a state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Parker has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**BACKGROUND**

An Oklahoma jury convicted Mr. Parker in 1990 of second-degree murder for shooting an off-duty police officer. Mr. Parker filed an unsuccessful direct appeal based

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

in part upon a challenge to the testimony of the state's forensic expert, followed by an equally unsuccessful 28 U.S.C. § 2254 petition for habeas corpus. Mr. Parker then filed seven applications in the state district court for post-conviction relief. The state court denied all of these applications.

The current appeal involves Mr. Parker's filing of a successive 28 U.S.C. § 2254 habeas corpus petition, claiming that new DNA evidence from hair fragments left at the murder scene requires reversal of his conviction and a new trial. The district court denied the petition for failure to identify a constitutional violation, as required by 28 U.S.C. § 2244. Notwithstanding the cursory nature of Mr. Parker's pleading, the district court went on to conclude that Mr. Parker had further failed to satisfy the requirements of § 2244(b)(2)(B)(ii) for two reasons: the DNA test was not exculpatory, and a reasonable jury could still find him guilty without the contested testimony concerning the hair fragments. The district court also denied Mr. Parker's request for a COA.

## DISCUSSION

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. *Id.* § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Mr. Parker has not made the requisite showing.

The district court correctly dismissed Mr. Parker's petition under 28 U.S.C. § 2244 (b)(2)(B)(ii).  The petition contained only one reference to any underlying constitutional error: namely, the unexplained and unsupported statement that the new DNA evidence requires reversal under the Fourteenth Amendment.   We agree with the district court that this was not sufficient to state a constitutional error.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim" (internal citations omitted)).

In his request for COA to this Court, Mr. Parker more thoroughly alleges that the state deceived the jury by knowingly allowing false testimony in violation of his Fourteenth Amendment due process rights under *Giglio v. United States*, 405 U.S. 150, 153–54 (1972).   In particular, Mr. Parker claims that the state knowingly allowed state forensic expert Joyce Gilchrist to testify falsely at this trial.   Although we could treat this claim as waived—because it appears for the first time on this appeal, *see Anderson v. Blake*, 469 F.3d 910, 918 (10th Cir. 2006)—due to the unfortunate history of false testimony of a similar nature in this jurisdiction, we exercise our discretion to examine on the merits whether Mr. Parker's claim warrants COA.  We conclude that the claim fails because the DNA evidence does not prove that Ms. Gilchrist's testimony was false.

Mr. Parker alleges, as he has since his trial, that the real murderer was Glenn Briggs, Mr. Parker's maternal cousin and accomplice on the night of the murder.  At trial,

the state introduced hair fragments found on the murdered police officer's body. Ms. Gilchrist testified, based solely on physical comparison, that the hair could belong to Mr. Parker, but not to Mr. Briggs. She also testified on cross-examination that her analysis was subjective, that a person could not be positively identified by hair evidence, and that other experts could reach a different conclusion. Mr. Parker's forensic expert testified that the hair fragments could not belong to either of the men. He also admitted that hair was not a positive identifier and that his results were subject to a different interpretation.

While we are very much aware of Ms. Gilchrist's history of abhorrent trial practices, *see Pierce v. Gilchrist*, 359 F.3d 1279, 1282–84 (10th Cir. 2004), the DNA evidence invoked by Mr. Parker does not suggest that her testimony at his trial concerning the hair fragment analysis was false, and there is no other basis for the claim of falsity. The DNA test showed that, because they are maternally related, Mr. Parker and Mr. Briggs have the same mitochondrial DNA profile. Based on that evidence, neither Mr. Parker nor Mr. Briggs can be excluded as the source of the hairs. To be sure, that differs from Ms. Gilchrist's testimony that Mr. Briggs could not have been the source. It also differs from the defense expert's testimony that neither man could be the source. But neither Ms. Gilchrist nor the defense expert based their testimony on DNA analysis, but on the basis of a comparison of the physical characteristics of the hair samples. It is not logically inconsistent for one test to conclude that both men could be the source of the hair and the other test to exclude one or both of the suspects. Moreover,

Ms. Gilchrist appropriately acknowledged the subjective character of her testimony. We cannot conclude that Mr. Parker has shown that she lied.

In addition, we conclude that Ms. Gilchrist's testimony, even if false, falls far short of the demanding standard of materiality under *Giglio*. *See* 405 U.S. at 154 ("A new trial is required if 'the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . . .'" (quoting *Napue v. Illinois*, 360 U.S. 264, 271 (1959)). The jury heard conflicting expert testimony about the possible hair donors, with each expert admitting the subjectivity of the analysis; the jury thus had an opportunity to weigh the evidence with full knowledge of the possible inaccuracy of the hair identification. In support of their verdict, the jurors heard eye witnesses link Mr. Parker to the scene and identify Mr. Parker as having the same physical characteristics as the murderer; they heard Mr. Briggs identify Mr. Parker as the murderer; they heard police testify to finding Mr. Parker hiding in a crawl space next to a box that contained the murder weapon, and they heard testimony that Mr. Parker's fingerprints were found on that box. In light of all the evidence, we conclude that Mr. Parker has not met the high standard of materiality required to upset the conviction. *See Giglio*, 405 U.S. at 154. By the same logic, Mr. Parker's claim would fail under § 2244 because he cannot show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have found him guilty of the murder. 28 U.S.C. § 2244(b)(2)(B)(ii).

**CONCLUSION**

We **GRANT** Mr. Parker's request to proceed *in forma pauperis,* **DENY** his request for a COA, and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge