FILED
United States Court of Appeals
Tenth Circuit

January 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

ALVIN PARKER,

      Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent - Appellee.

No. 08-6124
(W.D. Okla.)
(D.Ct. No. 5:08-CV-00114-D)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**
_____

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.
_____

Alvin Parker, a state prisoner proceeding pro se,[1] seeks a Certificate of

Appealability (COA) to appeal from the denial of his petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.[2]  We deny a COA.

## I.  Background

Parker filed a habeas corpus petition claiming the Oklahoma Pardon and

Parole Board denied him due process when the Board considered false

_____

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003)

[2] Parker originally filed his petition using a § 2254 form but the district court
treated his petition as a § 2241 petition in accordance with *Hamm v. Saffle*, 300 F.3d
1213, 1216 (10th Cir. 2002).

information in refusing to recommend him for specialized parole. *See* Okla. Stat. tit. 57, § 365 (specialized parole). The State responded to Parker's petition with a motion to dismiss for failure to state a claim upon which relief could be granted. The magistrate judge issued a report and recommendation recommending the state's motion be granted because Parker did not have a liberty interest under the Oklahoma parole statute. Parker objected arguing he had a constitutionally protected liberty interest under § 365, the specialized parole statute. He claimed the more specific statute affords rights different from those in the general parole statute, Okla. Stat. tit. 57, § 332. He further argued, even absent a liberty interest, he had a due process right not to be denied parole based on false information. The district court rejected his arguments.

Parker filed a motion to alter or amend the judgment followed by a motion to amend his petition to add another claim. The district court denied these motions and denied Parker's request for a COA.[3] Parker renews his request for a COA with this Court.

## II. DISCUSSION

A COA is a jurisdictional pre-requisite to our review. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). We will issue a COA only if Parker makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[3] The district court granted Parker's motion to proceed in forma pauperis on appeal.

§ 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

The district court denied Parker's petition because the Board's statutory discretion precluded the creation of a liberty interest in parole. Further, Parker failed to allege the state officials relied on admittedly false information in the decision to deny parole.

The resolution of Parker's claims is not subject to debate.

A. Liberty Interest

A state's parole statute can create a liberty interest in the expectancy of parole only when the statute's language and structure sufficiently limits the discretion of a parole board. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 381 (1987) (determining a Montana parole statute created a liberty interest in the expectancy of parole by its use of mandatory language); *Greenholtz v. Inmates of the Neb. Penal & Corr'al. Complex*, 442 U.S. 1, 12 (1979) (determining a Nebraska parole statute's mandatory language created a liberty interest); *but see Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981) (Ohio statute did not create a liberty interest in the expectancy of parole because parole decision is discretionary).

-3-

The relevant Oklahoma parole statute provides:

A.      Persons in the custody of the Department of Corrections sentenced for crimes committed prior to July 1, 1998, who meet the following guidelines may be considered by the Pardon and Parole Board for a specialized parole:

[list of guidelines][4]

B.      Upon an inmate becoming eligible for specialized parole it shall be the duty of the Pardon and Parole Board, with or without application being made, to cause an examination to be made of the criminal record of the inmate and to make inquiry into the conduct and the record of the inmate during confinement in the custody of the Department of Corrections.

C.      Upon a favorable finding by the Pardon and Parole Board, the Board shall recommend to the Governor that the inmate be placed on specialized parole. If approved by the Governor, notification shall be made to the Department of Corrections that said inmate has been placed on specialized parole.

Okla. Stat. tit., 57 § 365. Citing no authority, Parker argues the words "favorable finding" in subsection C means a determination that the prisoner met the listed eligibility requirements. Coupled with the "shall recommend" language of subsection C, he argues the Board must recommend specialized parole for every eligible prisoner. He is wrong.

While the Board is required to make inquiry into the record of every eligible prisoner, it is not limited to the listed eligibility requirements in reaching

---

[4] The guidelines include the prisoner's relevant projected release date, the prisoner's completion of an available educational or rehabilitation program and a requirement the prisoner is not incarcerated for an offense for which parole is prohibited pursuant to law.

-4-

a "favorable finding." Parker's argument ignores the statutory requirement for the Board to "cause an examination to be made of the criminal record of the inmate and to make inquiry into the conduct and the record of the inmate during confinement." Okla. Stat. tit., 57 § 365(B). Requiring consideration of criminal records as well as institutional conduct would be a hollow exercise absent considerable Board discretion in correlating those factors into an ultimate recommendation. *See Boutwell v. Keating*, 399 F.3d 1203, 1214 (10th Cir. 2005) ("[W]hile the statute places restraints on eligibility for [Pre-Parole Conditional Supervision] placement, it in no way limits the Parole Board's discretion as to which of the eligible inmates should be recommended.").

Even more important is the permissive language of Okla. Stat. tit., 57 § 365(A): "Persons . . . who meet the . . . guidelines *may be considered* by the Pardon and Parole Board for a specialized parole." (emphasis added). Meeting the eligibility requirements is a necessary but not always sufficient reason for the Board to recommend specialized parole. Since the Board has discretion, Parker has no liberty interest in receiving specialized parole.

B. Reliance on False Information

Parker failed to sufficiently support his due process claim regarding the board's reliance on allegedly false information. In *Monroe v. Thigpen*, the Eleventh Circuit held although the Alabama parole statute did not confer a liberty interest in parole, the parole board violated a prisoner's right to due process when

it relied upon admittedly false information in determining whether to grant parole. 932 F.2d 1437, 1442 (11th Cir. 1991). We have not adopted (and do not now adopt) the Eleventh Circuit's due process construction but, even if we were to do so, Parker has not alleged the necessary facts to support his claim.

The false information alleged by Parker is the testimony of the State's expert, who has since been discredited. At Parker's trial, the expert averred the forensic evidence linked Parker to commission of his crime. Parker now seems to allege the Board's parole decision was based on his guilt, an improper consideration because the verdict was based on false testimony. We have previously considered and rejected Parker's claim that he was falsely convicted based upon tainted expert testimony. *Parker v. Sirmons*, 237 Fed. Appx. 334 (2007). That determination is not subject to reconsideration in this context. Not only has Parker failed to show the evidence of his guilt false, he has failed to allege any facts demonstrating the expert's testimony was considered by the Board in denying his parole. Under *Monroe*, "prisoners do not state a due process claim by merely asserting that erroneous information *may* have been used during their parole consideration." 932 F.2d 1442 (emphasis added). Other than connecting Parker to the crime for which he was convicted, he fails to allege how the expert testimony might be relevant to parole considerations.

We **DENY** Parker's request for a COA and **DISMISS** his appeal. The

"Petition for Writ of Extraordinary Writ of Habeas Corpus," is **DENIED**.

        **Entered by the Court:**

        **Terrence L. O'Brien**
        United States Circuit Judge