**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AARON DAVID TRENT NEEDHAM,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee.

No. 18-4014
(D.C. No. 2:16-CV-00146-JNP)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILTY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Aaron Needham, a Utah state prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2254 motion. For the reasons discussed below, we deny Needham's COA request and dismiss the appeal. We also deny Needham's motion to proceed in forma pauperis (IFP).

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Needham appears pro se, we liberally construe his pleadings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate. *See id.*

## Background

In 2014, the state trial court sentenced Needham to a zero-to-five-year prison term for passing a bad check. Proceeding pro se, Needham appealed to the Utah Court of Appeals (UCA), which concluded that Needham's briefing was deficient: he "fail[ed] to address the [trial] court's rationale for its decisions" and likewise "fail[ed] to provide the requisite legal argument, analysis, and presentation of a substantial issue" that "would entitle him to appellate relief." R. vol. 1, 79. Thus, the UCA summarily affirmed. Needham then filed a petition for a writ of certiorari in the Utah Supreme Court, which denied review.

Needham didn't seek state post-conviction relief. Instead, he filed a § 2254 motion in federal district court. In evaluating that motion, the district court divided Needham's claims into two categories.

First, to the extent Needham was attempting to raise "conditions-of-confinement claims," the district court determined that those claims were "inappropriate in a habeas petition" and that Needham should instead raise them, if at all, "in a prisoner civil-rights complaint." R. vol. 2, 65. Thus, the district court dismissed those claims.[2]

---

[2] Needham doesn't suggest that he's entitled to a COA to appeal this portion of the district court's order. So we offer no further discussion of Needham's conditions-of-confinement claims. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's opening brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Second, to the extent Needham was instead attempting to challenge the underlying "state-court criminal proceedings," the district court determined that Needham's claims were procedurally barred. R. vol. 2, 62. In support, the district court reasoned that when the UCA found Needham's briefing insufficient and declined to reach the merits of Needham's claims, it rejected those claims "on independent and adequate state procedural grounds." *Id.* (quoting *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)). And the district court further determined that Needham failed to demonstrate his claims "qualif[ied] for consideration under the cause-and-prejudice or miscarriage-of-justice exceptions to the procedural[-]bar [rule]." *Id.* at 65; *see also Hamm*, 300 F.3d at 1216 (noting that if claims "were defaulted in state court on independent and adequate state procedural grounds," habeas court can't address those claims "unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice" (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991))). Thus, the district court denied Needham's motion. And it also denied Needham's request for a COA.

## Analysis

Needham now seeks a COA from this court so that he can appeal the district court's order denying his § 2254 motion. *See* 28 U.S.C. § 2253(c)(1)(A). We may grant Needham a COA "only if [he] has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the

3

constitutional claims on the merits," applying this test is relatively "straightforward": we ask whether the petitioner has "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But where, as here, a district court disposes of the claims on procedural grounds, the test "becomes somewhat more complicated." *Id.* In that scenario, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In arguing that reasonable jurists would find it debatable whether the district court's procedural ruling was correct here, Needham doesn't challenge the district court's conclusion that the UCA rejected his claims "on independent and adequate state procedural grounds." R. vol. 2, 62 (quoting *Hamm*, 300 F.3d at 1216). That is, Needham doesn't assert that his claims aren't procedurally defaulted. Instead, Needham argues that reasonable jurists could debate the district court's ruling that he failed to demonstrate cause and prejudice to excuse that procedural default. *See Hamm*, 300 F.3d at 1216. Specifically, Needham asserts that his attorney failed to file an appellate brief on his behalf and argues that reasonable jurists could debate whether that failure amounts to ineffective assistance of counsel that satisfies the cause-and-prejudice exception to the procedural-default rule. *Cf. Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 747 (10th Cir.) ("A claim of ineffective assistance of

4

appellate counsel can serve as cause and prejudice to overcome a procedural bar, if it has merit."), *cert. denied*, 137 S. Ct. 498 (2016).

But it doesn't appear that Needham raised this argument below. Instead, as the district court found, Needham argued there "that cause and prejudice stem[med] from his lack of legal resources and experience, health problems, and discrimination based on his health."[3] R. vol. 2, 64. For instance, Needham asserted that he was "placed in the infirm[a]ry," where he had no access to legal counsel or the law library. R. vol. 2, 23. And he argued that these "conditions of confinement" and the "discrimination" he encountered "satisf[ied] the cause[-]and[-]prejudice standard." *Id.* at 25.

Under these circumstances, "we adhere to our general rule against considering issues for the first time on appeal" and decline to address Needham's newly raised argument that his attorney's alleged ineffectiveness satisfies the cause-and-prejudice test. *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (declining to consider arguments for COA that pro se applicant failed to present in district court); *see also McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (noting that our general rule against considering new arguments on appeal applies "whether an appellant is attempting to raise 'a bald-faced new issue' or 'a new theory on appeal that falls under the same general category as an argument presented at trial'" (quoting *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 722 (10th Cir. 1993))).

---

[3] Notably, Needham doesn't suggest that the district court misinterpreted his cause-and-prejudice argument. And we see no reason to think it did. *See Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (explaining that "sorting th[r]ough pro se pleadings is difficult at best" and that we typically don't "interfere with the district court's" interpretation of them).

Moreover, Needham makes no attempt to demonstrate that reasonable jurists would find debatable the district court's resolution of the cause-and-prejudice arguments that Needham *did* present below. That is, Needham doesn't argue reasonable jurists could debate the district court's conclusion that Needham's "lack of legal resources and knowledge" was "insufficient to show cause." R. vol. 2, 64. Nor does he argue that reasonable jurists could debate whether, as the district court found, Needham failed to provide any support for his "assertions that poor health and discrimination . . . excuse[d] his procedural default." *Id.*

Because Needham fails to challenge the district court's conclusions, he necessarily fails to show that reasonable jurists could debate them. Thus, we deny Needham's request for a COA and dismiss this matter. As a final matter, we deny Needham's motion to proceed IFP. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court

Nancy L. Moritz
Circuit Judge

6