FILED
United States Court of Appeals
Tenth Circuit

December 14, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUDY M. ROMERO,

      Petitioner-Appellant,

v.

STATE OF UTAH; CLINT FRIEL, Warden; MICHAEL SIBBETT, Chairman of the Utah Board of Pardons,

      Respondents-Appellees.

No. 07-4112

(D.C. No. 2:05–CV–315–TC)

(D. Utah )

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner Rudy M. Romero was sentenced in state court to five years to life after pleading guilty to one count of aggravated robbery. The Utah Board of Pardons and Parole planned to parole Petitioner on July 27, 2004. However, after receiving DNA information linking Petitioner to a series of rapes committed prior to his incarceration for which the statute of limitations had passed, the Board rescinded Petitioner's scheduled parole and scheduled his next hearing for July 1, 2029. Petitioner then filed this habeas petition challenging the Board's actions

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 2241.[1]

Before the district court, Petitioner raised due process, double jeopardy, cruel and unusual punishment, and ex post facto issues. The district court held that Petitioner's claims were precluded because of his failure to exhaust state remedies.[2] It also denied Petitioner's application for a certificate of appealability. Petitioner now seeks a certificate of appealability from this court.[3]

Petitioner must obtain a certificate of appealability to challenge the district court's denial of his habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). Determining whether a certificate of appealability should issue when a district court has denied a petition on procedural grounds has two components, one related to the underlying constitutional claims and the other to the district court's procedural holding. *Slack v. McDaniel*, 529 U.S. 473, 484–85

---

[1]Although Petitioner originally filed under 28 U.S.C. § 2254, the district court correctly treated the petition as arising under § 2241. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997).

[2]The district court's original order incorrectly held that Petitioner was procedurally barred under Utah's Post Conviction Remedies Act. Respondents submitted a motion to alter or amend the order, which the district court granted. The amended order held that Petitioner should have filed his claim under Utah Rule of Civil Procedure 65B and explained Petitioner could still file his claim in state court because "the mere passage of time can *never* justify continued imprisonment of one who has been deprived of fundamental rights." (R. Doc. 30 at 1 (quoting *Julian v. State*, 966 P.2d 249, 254 (Utah 1998).)

[3]Although Petitioner did not file his notice of appeal within thirty days of the district court's order denying his petition, his appeal is timely because the district court did not enter a separate Rule 58 judgment to trigger the appeal process. *See* Fed. R. Civ. P. 58(b)(2)(B).

(2000).  Each component is part of a threshold inquiry, but the court has

discretion "to first resolve procedural issues."  *Id.* at 485.  "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred

in dismissing the petition or that the petitioner should be allowed to proceed

further."  *Id.* at 484.

Procedurally, "[a] habeas petitioner is generally required to exhaust state

remedies whether his action is brought under § 2241 or § 2254." *Hamm v. Saffle*,

300 F.3d 1213, 1216 (10th Cir. 2002) (internal quotation marks omitted).

> This court cannot address claims that were defaulted in state court
> on independent and adequate state procedural grounds unless
> [Petitioner] can demonstrate cause for the default and actual
> prejudice as a result of the alleged violation of federal law, or
> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

*Id.* (internal quotation marks omitted).

Nothing in Petitioner's briefs satisfies our standard for excusing the

procedural state exhaustion requirement on his claims.  Petitioner has shown

neither cause for his failure to file in state court nor that a "fundamental

miscarriage of justice" will occur if this court refuses to hear his petition.

Petitioner only claims that arguing his case in Utah would be "useless."  (Petr.'s

Application for Certificate of Appealability at 4.)

We have carefully reviewed the parties' briefs, the district court's

disposition, and the record on appeal. We conclude that no reasonable jurist would determine that the district court erred in its procedural ruling. For substantially the reasons set forth in the district court's orders, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's request to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge