FILED
United States Court of Appeals
Tenth Circuit

March 18, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUDY M. ROMERO,

    Petitioner - Appellant,

v.

SHANE NELSON; UTAH BOARD OF
PARDONS AND PAROLE; STATE OF
UTAH,

    Respondents - Appellees.

No. 19-4175
(D.C. No. 4:18-CV-00003-DN)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Rudy M. Romero, a Utah state prisoner proceeding pro se,[1] requires a

Certificate of Appealability (COA) from the district court's denial of his 28 U.S.C.

§ 2241 habeas petition. He is currently serving a prison sentence of five years to life

after pleading guilty to aggravated robbery in 1994. He was scheduled to be released

on parole in July 2004, but the Utah Board of Pardons and Parole rescinded his

parole-release date after learning that his DNA identified him as a serial rapist. The

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Romero proceeds pro se, we construe his pleadings liberally. *E.g.*,
*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Board set a rehearing for 2029. But in 2012, evidence matching him to another rape became available, leading the Board to deny him any opportunity for a future hearing, leaving him to serve the remainder of his life in prison. After exhausting his state remedies, Romero filed a § 2241 habeas petition in federal district court, challenging the Board's decision to enforce his life sentence. Concluding that reasonable jurists could not debate whether Romero has presented a meritorious petition, we deny the COA and dismiss the appeal.

## BACKGROUND

On June 27, 1994, Romero pleaded guilty to one count of aggravated robbery, and received a sentence of five years to life. After serving ten years in prison, Romero was scheduled to be released on parole July 27, 2004.[2] But before his parole date arrived, Utah law-enforcement authorities informed the Board that Romero had perpetrated a series of previously unsolved rapes, each committed at knifepoint. The police had matched Romero's DNA to semen collected from four rape victims, and two other victims identified him as the perpetrator in a photo lineup. At the time of the rapes, his victims' ages ranged from twelve to fifty-five, and "[a] number of the victims[] [had] sustained scratches or cuts from the knife the suspect used." R. at 100–01. But because the statute of limitations had run, the Salt Lake County District Attorney could not prosecute Romero.

---

[2] On January 6, 2004, Romero had been paroled, but on March 30, 2004, his parole was revoked after he violated his parole agreement.

On June 23, 2004, the Board rescinded his prospective release on parole. On December 8, 2004, the Board "affirmed th[is] rescission" due to evidence "implicating Mr. Romero in multiple rapes." *Id.* at 118–19. The Board scheduled another parole hearing for July 1, 2029, with a "psycho-sexual evaluation due prior to the hearing."[3] *Id.* at 118 (capitalization removed). Then, on September 5, 2012, after receiving DNA evidence tying Romero to an additional rape, the Board rescinded the July 2029 rehearing and scheduled a hearing to determine "whether to Expire Sentence or allow a Rehearing and review in the distant future." *Id.* at 121, 128. And on November 28, 2012, after the rescission hearing, the Board decided to "deny any parole and expire life sentence." *Id.* at 129 (capitalization removed). On March 8, 2018, Romero filed this habeas petition in Utah federal district court. And on November 26, 2019, the district court dismissed his petition and denied a COA.

## DISCUSSION

We review de novo the district court's dismissal of Romero's § 2241 petition. *Abernathy v. Wandes*, 713 F.3d 538, 544 (10th Cir. 2013). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"[4] 28 U.S.C. § 2241(c)(3). "In a

---

[3] Romero filed a habeas petition in Utah federal district court, challenging the rescission of his parole and the new rehearing date of July 1, 2029. *Romero v. Utah*, 259 F. App'x 90, 91 (10th Cir. 2007) (unpublished). The district court denied his petition for failure to exhaust state remedies, and we affirmed on appeal. *See id.* at 91–92.

[4] Romero raises several issues of Utah state law in his opening brief. But federal habeas relief does not extend to state-law claims, so we do not consider these

3

habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a . . . district judge issues a [COA] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Here, Romero failed to request a COA, but we construe his notice of appeal as requesting one. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A).

To obtain a COA, Romero must "ma[k]e a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires showing "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In this appeal, Romero alleges several constitutional violations stemming from the Board's rescinding his parole and enforcing his life sentence based on the DNA and other evidence tying him to the multiple rapes. In particular, he cites the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, along with Article I, § 9, clause 3 of the U.S. Constitution, which prohibits Congress from passing ex post

---

issues. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).

facto laws.[5] He also contends that Utah's indeterminate sentencing scheme is unconstitutional.[6] His arguments fail.

Citing the Sixth Amendment and the Ex Post Facto Clause, Romero contends that the Board improperly increased his sentence based on unconvicted crimes, which are beyond prosecution due to the statute of limitations expiring. But this misstates what happened. In fact, the Board never increased his sentence. In Utah, prison sentences "shall be for an indeterminate term of not less than the minimum and not to exceed the maximum term provided by law for the particular crime." Utah Code Ann. § 77-18-4(2) (West 2019). And "every sentence . . . shall be construed to be a sentence for the term between the minimum and maximum periods . . . and shall continue until the maximum period has been reached unless sooner terminated or commuted by authority of the [Board]." *Id.* § 77-18-4(3). Given this scheme and his five-to-life sentence, Romero must remain imprisoned until paroled. So by ordering that his life sentence should expire, the Board did not increase his sentence; instead, it ordered that his sentence should "continue until the maximum period has been

---

[5] Because he challenges an order arising in a state proceeding, he should have cited Article I, § 10, clause 1 of the U.S. Constitution, which prohibits states from passing ex post facto laws.

[6] We have upheld Utah's sentencing scheme as constitutional, so we need not revisit the issue here. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[W]e can dispose of [petitioner]'s contention that Utah's 'indeterminate' sentencing scheme is unconstitutional. It is not."); *see also United States v. Mitchell*, 518 F.3d 740, 752 n.14 (10th Cir. 2008) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (citation and internal quotation marks omitted)).

reached." *Id.* For these reasons, Romero is incorrect that the Board increased his sentence. His sentence has remained the same since the day that he pleaded guilty; the only change is the denial of parole. Given these facts, no reasonable jurist could conclude that the Board improperly increased Romero's sentence in violation of the U.S. Constitution.

Romero also argues that when the Board set a parole date of July 27, 2004, it "create[d] a liberty interest in parole."[7] Opening Br. 5. But we have previously held that the Utah parole statutes "create no 'legitimate expectation of release[,]'" meaning there is no "liberty interest in parole" protected by the U.S. Constitution.[8] *Malek v. Haun*, 26 F.3d 1013, 1015–16 (10th Cir. 1994) ("The Utah statute grants the parole board complete discretion in making parole decisions, once an offender is eligible."); *see also Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole." (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979))). Without a constitutionally-protected-liberty interest in parole, Romero fails to state a

---

[7] He also argues that this revocation of his parole grant violated the Eighth Amendment, which prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. But he never explains how, and we see no Eighth Amendment violations.

[8] We based this conclusion on the permissive language used in the Utah parole statutes. *Malek v. Haun*, 26 F.3d 1013, 1015–16 (10th Cir. 1994) (citing Utah Code Ann. §§ 77-27-5, -9, and emphasizing its discretionary language). The current version of these statutes contains the same permissive language, meaning *Malek*'s holding still applies.

due-process claim. Thus, no reasonable jurist could conclude that the Board violated Romero's due-process rights by rescinding his prospective release on parole.

## CONCLUSION

Accordingly, we deny Romero's request for a COA and dismiss his appeal. In addition, we deny his motion for appointment of counsel and grant his motion to proceed *in forma pauperis*.

Entered for the Court


Gregory A. Phillips
Circuit Judge

7