**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT HAMM,

     Petitioner - Appellant,

v.

JAMES L. SAFFLE, Director,

     Respondent - Appellee.

No. 02-6026

---

**Appeal from the United States District Court**
**for the W. District of Oklahoma**
**(D.C. No. CIV-00-1988-R)**

---

Submitted on the briefs:[*]

Robert Hamm, Pro Se.

---

**Before TACHA,** Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

     Robert Hamm, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge

---

    [*] At the parties' request, the case is unanimously ordered submitted
without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as procedurally barred. We conclude that Hamm's petition is procedurally barred, deny a COA, and dismiss.

**I**

Hamm was placed in the Pre-Parole Conditional Supervision program ("PPCS") in October 1993, and he accordingly reported to the Jericho Halfway House. In late January 1994, he received an offense report for "Individual Disruptive Behavior." The report stated that Jericho personnel notified Correctional Officer Ken Skidmore that Hamm returned to the Jericho Center smelling of alcohol on January 21, 1994. According to the report, Skidmore administered a "Pre-vent" alcohol test to Hamm, which measured his blood alcohol content to be .02 percent. As a result of this test result Hamm was subsequently found guilty of "Individual Disruptive Behavior" and was removed from the PPCS program. In June 1998, he was given notice that an administrative hearing would take place regarding his removal from the PPCS program. At the hearing it was concluded that Hamm's removal was proper.

On November 20, 1998, Hamm filed a petition for a writ of mandamus with the Oklahoma County District Court challenging the revocation hearing; this petition was dismissed on May 10, 2000. On July 21, 2000, he filed a "Petition in Error" with the Oklahoma Court of Criminal Appeals ("OCCA") requesting that

he be reinstated in the PPCS program. The OCCA construed Hamm's petition in error as a petition for an extraordinary writ of mandamus. Because such a petition must be filed within thirty days of the date relief was denied in the state district court, the OCCA dismissed Hamm's petition as untimely pursuant to Rule 10.1(C) of the Rules of the OCCA, Okla. Stat. tit. 22, ch. 18., app.

In November 2000, Hamm filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hamm claimed that his due process rights were violated because he was denied the right to test the mouthwash he allegedly used prior to the Pre-vent test for its alcohol content, denied the right to call witnesses at the hearing, and denied the right to rebut arguments made against him. The district court noted that Hamm's habeas petition should be construed as a § 2241 petition because he was challenging the execution of his sentence rather than the validity of his conviction. We agree and construe the § 2254 petition as a § 2241 petition. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)). The district court dismissed Hamm's petition as procedurally barred because he defaulted his due process claims by failing to file for relief with the OCCA within thirty days after the state district court denied relief.

## II

On appeal Hamm argues that this court should not apply the procedural default bar because he is only required to exhaust administrative remedies, not state court remedies, and because even if he had timely filed for relief with the OCCA, relief would have been denied because "it is regular practice by the Oklahoma Courts to 'rubber-stamp' petitions that are filed against the (O.D.O.C.) authorities." (Appellant's Br. at 16.) Hamm also contends that he can overcome the procedural bar because he is actually innocent such that a fundamental miscarriage of justice will result if the merits of the case are not reviewed.

Hamm misstates the exhaustion requirements. A habeas petitioner is "generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion of state remedies includes both administrative and state court remedies. Clonce v. Presley, 640 F.2d 271, 273–74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

This court cannot address claims that were defaulted in state court on independent and adequate state procedural grounds "unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). By not filing for mandamus relief from the OCCA within thirty days after the state district court denied relief, Hamm failed to comply with the procedural rules of the OCCA. Hamm's failure to file in a timely manner was the basis for the OCCA's decision to deny relief. Thus, the OCCA's decision was based solely on state law rather than federal law and is independent for this analysis. See Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993).

For Rule 10.1(C) to be an adequate state ground, it must be "strictly or regularly followed" and employed "evenhandedly to all similar claims." Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998) (quotation omitted). Our research has uncovered two published cases and this case, in which the OCCA has addressed the timely filing of a petition for an extraordinary writ. In two of those cases the petitioner's filing was late and the OCCA applied Rule 10.1(C), declined to exercise jurisdiction, and did not address the merits of the claim. See Hamm v. State, No. MA-2000-971 (Okla. Crim. App. Sept. 22, 2000) (declining jurisdiction over petitioner's appeal because of failure to comply with the Rule 10.1(C) time requirements); Delfrate v. Okla. Dep't of Corr., 991 P.2d 549, 550 (Okla. Crim. App. 1999) (stating that the OCCA refused a previous appeal by petitioner because of his failure to appeal the state district court's denial of relief within thirty days as required by Rule 10.1(C)). In only one case has the OCCA

exercised jurisdiction and addressed the merits of an untimely claim. In <u>Maynard v. Brown</u>, the OCCA determined that there were extenuating circumstances and that "inmates similarly situated in the custody of the Department of Corrections are being treated differently" due to conflicting decisions by state district courts. 860 P.2d 801, 802–03 (Okla. Crim. App. 1993). Because of these unique circumstances the OCCA decided the merits of the State's appeal. <u>Id.</u> We conclude that the OCCA has applied the timing requirements in Rule 10.1(C) regularly and evenhandedly in similarly situated cases, and that application of Rule 10.1(C) constitutes an adequate state ground. We therefore agree with the district court that Hamm's failure to comply with Rule 10.1(C) constituted an independent and adequate state ground that bars federal habeas review. (R. Doc. 30 at 4.)

Hamm has not argued cause or prejudice to overcome the procedural bar, but he has stated that he is actually innocent of the offense for which he has been punished. Because Hamm allegedly used mouthwash before the Pre-vent test was conducted and the corrections officer did not test the mouthwash, he contends that he is actually innocent of "Individual Disruptive Behavior." Hamm was initially tested for alcohol use because Jericho personnel noticed that he smelled of alcohol. He acknowledges that the officer in charge of the disciplinary hearing took this information, as well as Hamm's claim that prior use of mouthwash

-6-

tainted the Pre-vent test results, into consideration when making his determination of guilt. Hamm's mere assertion that his use of mouthwash tainted the Pre-vent test is insufficient to satisfy the high burden necessary to establish actual innocence that would overcome a procedural default. Cf. Schlup v. Delo, 513 U.S. 298, 327 (1995) ("[P]etitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."); Demarest v. Price, 130 F.3d 922, 942 (10th Cir. 1997).

We conclude that Hamm's habeas petition is procedurally barred and that he has not demonstrated actual innocence to overcome the procedural bar.

**III**

Because Hamm has failed to make a substantial showing of the denial of a constitutional right, his application for a COA is **DENIED**, and this matter is **DISMISSED**.