**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY LYN FARRELL,

        Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

        Respondent - Appellee.

No. 06-6280

(W. D. Oklahoma)

(D.C. No. 06-CV-726-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

On July 7, 2006, Jimmy Lyn Farrell, a state prisoner in Oklahoma, filed a pleading in the United States District Court for the Western District of Oklahoma entitled "Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody." In it, he alleged various errors in the calculation and execution of his sentence, including the loss of earned good-time credit resulting from misconduct and the failure to receive additional credit for meritorious acts

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

performed. He also appeared to claim that he was receiving inadequate medical care in prison.

In a report filed August 11, 2006, a magistrate judge construed Mr. Farrell's claims regarding the duration of his sentence as an application for habeas relief under 28 U.S.C. § 2241 because they attacked "the execution of his sentence rather than the fact of his conviction . . . ." R. Doc. 9 at 1 n.1 (Magistrate Judge Report and Recommendation, August 11, 2006 (Magistrate Report)); *see Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). He then interpreted Mr. Farrell's inadequate-medical-care claim as one under 42 U.S.C. § 1983 because it attacked the conditions of his confinement rather than the fact or duration of his sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (internal quotation marks and ellipsis omitted)).

The magistrate judge recommended dismissal of Mr. Farrell's claims without prejudice. He reasoned that the inadequate-medical-care claim was "appropriate under 42 U.S.C. § 1983, and [is] not subject to consideration under the principles of habeas corpus . . . ." R. Doc. 9 at 2 n.3 (Magistrate Report). As to the other claims, he stated that Mr. Farrell had not exhausted administrative

and state-court remedies available to him. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. The exhaustion of state remedies includes both administrative and state court remedies." (internal quotation marks and citation omitted)).

On August 25, 2006, the district court adopted the magistrate judge's report and recommendation in its entirety and dismissed Mr. Farrell's application without prejudice. It denied a certificate of appealability (COA) on September 7, 2006. *See* 28 U.S.C. § 2253(c)(1) (requiring COA to appeal denial of habeas relief).

Mr. Farrell now seeks a COA from this court. State prisoners seeking habeas relief under § 2241 must obtain a COA to appeal the denial of an application. *See Montez*, 208 F.3d at 867. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was

denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists could not dispute the district court's dismissal without prejudice of Mr. Farrell's claims. The court correctly ruled that the inadequate-medical-care claim should be raised in a civil-rights action, not an application for habeas relief. *See Rael v. Williams*, 223 F.3d 1153 (10th Cir. 2000). As to his other claims, Mr. Farrell now provides in his application for COA some support for his claim that he exhausted his administrative remedies, but this showing is too late. We consider only the record before the district court, *see Boone v. Carlsbad Bancorp.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (court will not review documents not before district court when appealed ruling was made), and there he made no showing of exhaustion. Moreover, he still has made no showing that he has exhausted his *judicial* remedies. Thus, no reasonable jurist could dispute the district court's denial of these claims.

We DENY Mr. Farrell's application for a COA and DISMISS the appeal. We likewise DENY his Motion to Test Lawfulness of Restriction of Personal Freedom, which raises issues substantially similar to those in his habeas application, and his motion for leave to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge