**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HAROLD D. HORNSBY,

　　　　Petitioner-Appellant,

v.

MARTY SIRMONS,

　　　　Respondent-Appellee.

No. 07-7037

(D.C. No. 06-CV-233-FHS)

(E.D. Okla.)

---

**ORDER**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his 28 U.S.C. § 2241 habeas

petition.[1]  In his habeas petition, filed June 13, 2006, Petitioner challenged

various prison disciplinary reports he had received between May 1993 and April

2005.  Petitioner alleged that 2920 earned credits were incorrectly revoked over

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court entered final judgment on March 26, 2007, and the
thirty-day filing deadline for a notice of appeal expired on April 25, 2007.
Although Petitioner's notice of appeal was apparently not received by the district
court until April 26, 2007, the prison mail log indicates that Petitioner timely
deposited legal mail addressed to the Clerk of the Court for the Eastern District of
Oklahoma with prison staff on April 25, 2007.  We therefore conclude that
Petitioner's notice of appeal was timely filed.  *See* Fed. R. App. P. 4(c)(1).

the terms of his consecutive sentences, that his constitutional rights were violated when only one person served on the disciplinary hearing committees that revoked his earned credits, and that he was incorrectly demoted in August 1998 to a lower earned credit level. The district court held that Petitioner's claim as to his April 2005 misconduct report should be dismissed for failure to exhaust administrative remedies and that Petitioner's other claims were all time-barred by the applicable one-year statute of limitations. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (holding that the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d), applies to § 2241 habeas actions).

Petitioner must obtain a certificate of appealability in order to challenge the district court's denial of his habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). When a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue only if the prisoner shows that jurists of reason would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

-2-

The last disciplinary report Petitioner received related to an April 24, 2005 incident, and Petitioner received final notice of approval of the disciplinary officer's recommendations on this report on June 3, 2005. The court presumed that the earlier disciplinary reports, the most recent of which related to a February 10, 2005 incident, were final prior to June 3, 2005, and the court therefore concluded that Petitioner had until June 3, 2006, at the latest to file his petition for relief on these claims. Petitioner did not file his habeas petition until June 13, 2006. The court therefore concluded that the petition was untimely as to these claims. The court also found untimely Petitioner's claims regarding the 1998 classification decision, which became final years before he filed his petition. The court further held that Petitioner's claim regarding the April 2005 report[2] should be dismissed because Petitioner had not completed the administrative grievance process on this claim.[3] *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is generally required to exhaust state remedies whether his

---

[2] The district court erroneously described this report as being issued on April 12, 2005. A review of the record indicates that the only disciplinary report relating to April 2005 is the aforementioned April 24, 2005 report. We conclude that the court's exhaustion analysis may be treated as an alternative ground for dismissal of the time-barred April 24, 2005 claim.

[3] The district court confusingly discussed exhaustion with reference to 42 U.S.C. § 1983 actions rather than § 2241 habeas petitions. However, we disagree with Petitioner's assertion that the district court erroneously treated his habeas petition as a § 1983 civil rights action. Moreover, under our precedent regarding exhaustion in the habeas context, we see no error in the district court's conclusion that this claim should be dismissed for failure to exhaust state remedies.

action is brought under § 2241 or § 2254. The exhaustion of state remedies includes both administrative and state court remedies." (internal quotation marks and citation omitted)).

Petitioner argues that the district court erred in finding his claims time-barred because Petitioner did not know about AEDPA's one-year statute of limitations. Petitioner alleges that the prison law library does not make available "copies of the 1996 Amended Version(s) of 28 U.S.C." and that he is unable to obtain annotations interpreting AEDPA, although he admits that he is able to order copies of the text of federal statutes. (Petr.'s Br. at 3.) However, "a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner's failure to pursue his claims until 2006 is not excused by the alleged deficiencies in the prison law library's legal materials.

Petitioner also argues that the district court erred in finding his petition time-barred because the petition was filed less than one year after his December 2005 parole hearing. However, Petitioner did not even mention the December 2005 parole hearing in his habeas petition, so any hypothetical claim Petitioner might have raised regarding this hearing is irrelevant to the district court's disposition of his petition.

After carefully reviewing Petitioner's brief, the district court's disposition,

and the record on appeal, we conclude that no reasonable jurist would determine that the district court erred in its procedural ruling. We accordingly **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge