**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERMAN PATTERSON,

        Petitioner - Appellant,

v.

MARVIN VAUGHN, Warden,

        Respondent - Appellee.

No. 12-6252
(D.C. No. 5:12-CV-00376-HE)
(W.D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

        Petitioner and appellant, Herman Patterson, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his petition under 28 U.S.C. § 2241. For the following reasons, we deny his request and decline to issue a COA.

---

      [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

## BACKGROUND

Mr. Patterson was placed in the Avalon Correctional Facility half-way house ("Avalon"), a private corrections facility, in July of 2009. He had been convicted of assault and battery on a police officer and assault and battery with a dangerous weapon and received five and six year sentences, respectively, to be served concurrently with some other sentences Mr. Patterson was already serving.

On February 10, 2011, he returned to the half-way house with a paper bag containing some hamburgers and a pill bottle filled with a green leafy substance, which authorities presumed was marijuana. It was confiscated and Mr. Patterson received a disciplinary report on February 21, 2011, for a "law violation." The incident was reported to the local police and Mr. Patterson was arrested.[1]

A hearing was conducted, presumably at the Avalon half-way house, on February 25, 2011, which Mr. Patterson attended. Mr. Patterson was found guilty of the law violation and that finding was approved by the facility head. Mr. Patterson received notice of the facility head's approval of the finding of guilt on February 28, 2011. As a result of this finding, Mr. Patterson lost 365 days of good time credit he had earned. There is apparently no record of any appeal by Mr. Patterson to the head of the Avalon half-way house after the finding of guilt.

---

[1]It is not clear from this record whether anything came of his arrest by the local police.

Mr. Patterson subsequently wrote eight letters to the Director of the Avalon half-way house, attempting to appeal the misconduct report.[2] The letters were apparently procedurally deficient. Mr. Patterson's first letter was written on April 4, 2011, and the last was written on July 18, 2011. The last response he received from Avalon was on August 3, 2011. There is an established disciplinary procedure to be used by inmates to appeal disciplinary reports, and Mr. Patterson presumably failed to follow that procedure.

On August 16, 2011, Mr. Patterson filed a petition in the Tulsa County District Court, seeking review of the disciplinary report. On November 10, 2011, he was denied relief because he had named the wrong party. Mr. Patterson filed an appeal with the Oklahoma Court of Criminal Appeals on December 30, 2011, and the court denied relief on January 31, 2012, because the appeal was not timely filed.

On September 2, 2011, Mr. Patterson filed a petition for habeas corpus relief in the federal district court in the Western District of Oklahoma and was denied relief on December 21, 2011, for failure to exhaust state judicial remedies.

On November 30, 2011, Mr. Patterson filed a petition in Oklahoma County District Court, seeking review of the disciplinary report. He was again denied

---

[2]The record is unclear whether the "facility head" is the same as the "Director." What is clear is that Mr. Patterson never made a successful appeal to either one.

relief, this time for failure to exhaust administrative remedies. He did not appeal that case further, to the court of criminal appeals.

Finally, Mr. Patterson brought the instant petition under 28 U.S.C. § 2241 to the federal district court in the Western District of Oklahoma, claiming that he had been denied due process by the State of Oklahoma by means of the disciplinary report which stripped him of 365 days of good time earned credits. The defendant Warden claims that Mr. Patterson has failed to exhaust either his state administrative or judicial remedies. The Warden has not filed an answer or response to Mr. Patterson's § 2241 petition, but instead has filed a motion to dismiss Mr. Patterson's petition for failing to properly exhaust the necessary state remedies.

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)). "The exhaustion of state remedies includes both administrative and state court remedies." Id.; see also Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contains such a requirement."). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203.

The magistrate judge to whom the matter was referred recommended that the respondent's motion to dismiss be granted and the petition dismissed without prejudice because Mr. Patterson failed to exhaust his available state court remedies.

Mr. Patterson filed an objection to the magistrate judge's Report and Recommendation, arguing that he did exhaust his remedies because he "gave each court one full opportunity." Order at 1 (citing Objection at 3), R. Vol. 1 at 163. He also claimed that "time has ran out and petitioner has no availability to exhaust any state remedies." Id. Mr. Patterson did not, however, challenge the magistrate judge's determination that he had failed to appeal or properly appeal the rulings of the Oklahoma and Tulsa County District Courts to the Oklahoma Court of Criminal Appeals. He also failed to demonstrate that exhaustion would be futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Order at 1 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)(ii)). Id. The district court accordingly adopted the Report and Recommendation, granted the Warden's motion to dismiss and dismissed Mr. Patterson's petition without prejudice, for failure to exhaust. The court also denied a COA, finding that Mr. Patterson had not made "a substantial showing of the denial of a constitutional right." Order at 2 (quoting 28 U.S.C. § 2253(c)(2)). Id. at 164.

-5-

The court consequently denied Mr. Patterson's request for leave to proceed on appeal *in forma pauperis* ("*ifp*"). This appeal followed.

**DISCUSSION**

A petitioner seeking habeas relief must obtain a COA before this court may consider the merits of his appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To be entitled to a COA, Mr. Patterson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336 (quotations omitted). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, this court will issue a COA only "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason could find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Here, there can be no doubt that Mr. Patterson failed to exhaust his administrative and state judicial remedies. No reasonable jurists could debate the

question.  Accordingly, for the foregoing reasons, we deny a COA and dismiss this matter.  We also deny permission to proceed *ifp*.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DENY permission to proceed *ifp*.  This matter shall be dismissed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge