**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEAN CARBAJAL,

    Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director of
CDOC; THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

    Respondents - Appellees.

Nos. 19-1249 & 19-1445
(D.C. No. 1:18-CV-01501-PAB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Dean Carbajal, a pro se Colorado prisoner, seeks a certificate of appealability

(COA) to challenge the district court's denial of his habeas petition filed under

28 U.S.C. § 2254. *See id.* § 2253(c)(1)(A) (No. 19-1445). He also appeals the denial

of a temporary restraining order (TRO) directing his immediate release from prison,

and the denial of a preliminary injunction directing that his criminal convictions be

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
these matters. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

vacated (No. 19-1249). We lack jurisdiction to consider the denial of the TRO and the preliminary injunction, and we deny a COA to pursue the habeas appeal. Accordingly, these matters are dismissed.

## I. Background

A Colorado jury convicted Carbajal of multiple domestic-violence-related charges. According to the Colorado Court of Appeals (CCA),

> Carbajal[] and the victim dated for almost a year before they broke up in early 2010. Soon after the breakup, a court issued a protection order, prohibiting Carbajal from contacting the victim. Yet, Carbajal followed the victim for the next few months, showing up at her house and workplace. One night, Carbajal went to the victim's house and, according to her neighbors, was holding a knife, threatening to kill himself. The victim's neighbor called the police, who later found and arrested Carbajal.
>
> A jury found Carbajal guilty of five counts of protection order violation, five counts of violating bail bond conditions, two counts of burglary, two counts of criminal trespass, one count of kidnapping, and two counts of harassment by stalking.

R., Vol. 1 at 455. Carbajal was also convicted of two counts of being a habitual offender. The CCA upheld the convictions on direct appeal, and the state courts denied post-conviction relief.

During the pendency of Carbajal's direct appeal, he filed a previous § 2254 petition challenging his convictions in federal court. But because his direct appeal was still pending with the CCA, the district court dismissed the petition for failure to exhaust state remedies. *Carbajal v. Lynn*, No. 14-cv-2926-LTB (D. Colo. Aug. 10, 2015), ECF No. 34. We denied a COA. *See Carbajal v. Lynn*, No. 15-1344

2

(10th Cir. Feb. 19, 2016).[1] After the CCA affirmed the convictions, Carbajal filed his present § 2254 petition.

In his present § 2254 petition, Carbajal claimed his constitutional rights were violated because the trial court:

- lacked subject matter jurisdiction over his case;

- admitted several out-of-court statements;

- was biased against him;

- joined the charges and denied a severance; and

- denied his motion to compel a psychological examination of the victim.

Based on his argument that the trial court lacked subject matter jurisdiction, Carbajal sought a TRO directing his immediate release from prison and a preliminary injunction directing that his criminal judgment be vacated. *See* R., Vol. 2 at 8.

The district court denied a TRO and a preliminary injunction, ruling it would address Carbajal's argument that the trial court lacked jurisdiction once briefing on the merits was complete. Carbajal immediately appealed that ruling. Thereafter, the district court denied the petition on the merits and denied a COA. Upon entry of final judgment, Carbajal filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), which the court denied. Carbajal then filed another notice of appeal.

---

[1] The present § 2254 petition is not second or successive because dismissal of the previous petition for lack of exhaustion was not a merits disposition. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

3

Now in No. 19-1249, Carbajal appeals the denial of a TRO and a preliminary injunction. And in No. 19-1445, he seeks a COA to challenge the district court's denial of two of his habeas claims.

## II. No. 19-1249

We first dispense with Carbajal's appeal from the denial of a TRO and a preliminary injunction. Subject to certain exceptions not applicable here, the denial of a TRO is not an appealable decision. *Off. of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985). Although the denial of a preliminary injunction is appealable, *see* 28 U.S.C. § 1292(a)(1), Carbajal's appeal is moot because the district court has entered final judgment. An interlocutory appeal from the denial of a preliminary injunction does not divest the district court of jurisdiction to adjudicate the underlying merits of an action. *See Colorado v. Idarado Mining Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990). If the district court proceeds to adjudicate the merits of the action and enter final judgment, an appeal from the denial of preliminary injunctive relief is moot because a preliminary injunction is intended to provide only provisional relief during the pendency of the proceeding. *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988). We therefore dismiss Carbajal's appeal from the denial of a TRO and a preliminary injunction.

## III. No. 19-1445

We turn then to Carbajal's COA application. A COA is required to appeal the denial of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*,

4

537 U.S. 322, 336 (2003) (recognizing that COA requirement is a "jurisdictional prerequisite"). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, an applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court cannot grant habeas relief for claims adjudicated on the merits by a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). In considering whether to grant a COA, "[w]e look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336. Our analysis entails "a preliminary, though not definitive, consideration of the [legal] framework" governing the claims. *Id.* at 338.

Carbajal seeks a COA to challenge the denial of two claims: (1) his claim that the trial court lacked subject matter jurisdiction, and (2) his claim that the admission of out-of-court statements violated his confrontation rights.

5

## A. *The Trial Court's Subject Matter Jurisdiction*

Carbajal first claims he was denied due process and a fair trial because the trial court lacked subject matter jurisdiction. He asserts the trial court lacked jurisdiction because he was originally charged in several county court cases, which the prosecution improperly consolidated into a single district court case without filing a criminal information. He also says he was bound over for trial in violation of state rules of procedure.

The CCA rejected this claim on direct appeal. The CCA explained that when a case is bound over from the state county courts to the district courts, as occurred here, the entire record is transferred and "the felony complaint, when transferred with the record, 'shall be deemed to be an information if it contains the requirements of an information.'" R., Vol. 1 at 476 (quoting Colo. R. Crim. P. 7(b)(4)). The CCA ruled that Carbajal's complaint contained the requirements to be considered an information, and when he was bound over for trial, the prosecution properly moved to consolidate the cases in the district court and to amend the complaint to include all the counts in one information. The trial court granted the motion.

On habeas review, the federal district court concluded that Carbajal's claim was not cognizable because it challenged the CCA's resolution of state law, which was binding on the federal court. Although Carbajal claimed the alleged violations of state law were so egregious that they violated his due process rights, the district court concluded that he failed to demonstrate a fundamental defect or structural error suggesting that his due process rights were implicated.

6

Reasonable jurists would not debate the district court's decision. Carbajal's claim is predicated almost entirely on alleged violations of state law, which are beyond the purview of federal habeas relief. *See Swarthout v. Cook*, 562 U.S. 216, 219 (2011) (per curiam) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). Although he summarily asserts the alleged violations of state law implicate his due process rights, "a mere error of state law is not a denial of due process," *id.* at 222 (internal quotation marks omitted). The alleged state-law error must be "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (internal quotation marks omitted). Carbajal merely claims procedural errors under state law, but the CCA explained that no error occurred because the felony complaint satisfied the requirements to be deemed a criminal information. Nothing about these circumstances suggests such gross prejudice as to deny Carbajal a fundamentally fair trial. The denial of this claim is not reasonably debatable.

*B. Admission of Out-of-Court Statements*

Carbajal next claims the trial court violated his Sixth Amendment right to confront adverse witnesses by admitting several out-of-court statements.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was

7

unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). But "the Confrontation Clause does not bar the admission of [non-hearsay] statements." *Williams v. Illinois*, 567 U.S. 50, 57 (2012). "Hearsay" is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c)(2).

Carbajal's claim is predicated on several statements made by the victim (who did not testify) to the following witnesses:

- Neighbor Ana Banales, who testified that she was awoken by the victim screaming, "Ana," and "Help me." Tr. of Trial at 170, *People v. Carbajal*, No. 10CR3824 (Nov. 30, 2011). Banales also testified that she observed a man take the victim into her apartment crying and kicking and, moments later, the victim ran from the apartment hysterically crying, "He's going – someone's going to get killed," which caused Banales to call the victim's mother. *Id.* at 182.

- Neighbor Vickie Baylon-Rawlins, who testified that she was awoken by the victim screaming, observed the victim and a man with a large knife, and the victim was crying and screaming, "He's going to kill hi[m]self. He's going to kill hi[m]self. I thought he was going to kill me." *Id.* at 49 (Dec. 1, 2011). Baylon-Rawlins also testified that she yelled to another neighbor, Carmen Horton, to call the police.

- Investigator Jeff Watts, who testified that the victim told him "there was a bloody tissue that the defendant had used to wipe his hand off." *Id.* at 235. The victim indicated she told a police officer about the tissue, but the officer declined to collect it because the suspect's identity was already known. Watts testified that because the victim told him "there was a bloody tissue that was left behind by the suspect that was not collected by the officers," he "collected [it]." *Id.* at 59-60 (Dec. 2, 2011).

The trial court admitted these statements under various hearsay exceptions.

On direct appeal, the CCA reviewed for plain error because Carbajal objected only on

8

hearsay grounds, not under the Confrontation Clause. The CCA determined there was no constitutional violation because these statements were not hearsay. The district court concluded that the CCA's decision was not contrary to, or an unreasonable application of, federal law because the Confrontation Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. *See* R., Vol. 3 at 141-42.

The district court's decision is not reasonably debatable. The district court correctly recognized that "[t]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9; *see Williams*, 567 U.S. at 57 ("[I]t is settled that the Confrontation Clause does not bar the admission of [non-hearsay] statements.").

Carbajal merely asserts the statements were hearsay. Yet the CCA ruled that the victim's screams, "Ana" and "Help me," were non-hearsay commands, and Banales's testimony of the victim's other statements was not offered to prove that someone would be killed, but to show that they caused her to call the victim's mother. Baylon-Rawlins' testimony concerning the victim's statements was offered to show the victim's state of mind—that she believed Carbajal might kill her or himself. And Watts' testimony concerning the victim's statement about the uncollected bloody tissue was offered to show that it caused him to take the tissue into evidence. Although Carbajal contends use of these statements was a strategic effort by the prosecution to spare the victim from having to testify, he fails to tether

9

this argument to the Sixth Amendment.[2] He also suggests that some of the statements were testimonial because they were not made to the police in the midst of an emergency. *See Davis v. Washington*, 547 U.S. 813, 822 (2006) ("[Statements] are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the [police] interrogation is to establish or prove past events potentially relevant to later criminal prosecution."). But even if the statements were testimonial, there was no violation of the Confrontation Clause because the statements were not hearsay.

Carbajal also challenged statements made by Baylon-Rawlins and the victim to the following witnesses:

- Neighbor Carmen Horton, who testified that Baylon-Rawlins knocked at her door and when she opened the door, Baylon-Rawlins screamed at her to call the police, causing her to call the police. *See* Tr. of Trial at 20-21, *People v. Carbajal*, No. 10CR3824 (Dec. 1, 2011).

- Investigator Jeff Watts, who testified that the victim stated Carbajal had broken into her apartment and threatened to kill himself. *Id.* at 231.

The trial court admitted these statements after Carbajal affirmatively indicated he had no objection to the statements. *See id.* at 21 (Carbajal: "No objection, Your Honor."); *id.* at 231 (Carbajal: "No objection, Your Honor."). The CCA refused to

---

[2] To the extent Carbajal advances this argument on a due process theory, he fails to show the statements were so grossly prejudicial that they fatally infected the trial. *See Wilson v. Sirmons*, 536 F.3d 1064, 1101 (10th Cir. 2008) ("Absent a showing that the admission of the evidence violated a specific constitutional guarantee, a federal court on habeas review will not disturb the state court's evidentiary ruling unless it was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." (internal quotation marks omitted)).

consider this aspect of the claim, ruling Carbajal waived any objection.

The district court did not specifically address Baylon-Rawlins' statement, and it rejected the challenge to the victim's statement as non-hearsay. Nonetheless, "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). Here, the CCA refused to consider the propriety of allowing the statements because Carbajal affirmatively waived any objection to them. That waiver constitutes a procedural default. *See LeBere v. Abbott*, 732 F.3d 1224, 1233 & n.13 (10th Cir. 2013) (holding that application of Colorado's waiver rule constitutes procedural default, which this court has recognized in unpublished decisions as an independent and adequate state-law ground precluding federal habeas review). To overcome the procedural default, Carbajal must show cause and prejudice or a fundamental miscarriage of justice. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). He does not attempt to make these showings, however, and thus his attempt to challenge the statements is barred.[3]

## IV. Conclusion

For the foregoing reasons, we dismiss No. 19-1249, grant Carbajal's motion to proceed without prepayment of appellate fees in that appeal, and we remind him that

---

[3] Although Carbajal sought to expand his claim in the district court to challenge additional statements that he did not contest before the CCA, he is procedurally barred from doing so. *See Welch v. Workman*, 639 F.3d 980, 994-95 (10th Cir. 2011) (declining to consider an expanded argument that petitioner failed to raise on direct appeal).

he remains obligated to pay the filing fees in full.  In No. 19-1445, we deny a COA

and dismiss that matter.

Entered for the Court


Gregory A. Phillips
Circuit Judge