FILED
United States Court of Appeals
Tenth Circuit

December 8, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY PRATER,

    Petitioner - Appellant,

v.

DEVIN BLOOD,

    Respondent - Appellee.

No. 22-4024
(D.C. No. 2:21-CV-00184-DAK)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN**, Circuit Judges.
_____

Anthony Prater, a Utah state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. We deny his request for a COA and dismiss this matter.

**I. Background**

"A jury convicted [Mr.] Prater of aggravated murder[,] obstructing justice, [and]

five counts of discharging a firearm from a vehicle." *State v. Prater*, 2017 UT 13, ¶ 1,

392 P.3d 398. "At trial, three witnesses testified that [Mr.] Prater confessed to the crime,

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Prater's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

and one witness testified that he was there when [Mr.] Prater pulled the trigger.  Forensic evidence supported the eye-witness's trial testimony." *Id.*  The trial "court also admitted a letter [Mr.] Prater had authored that suggested he had committed the murder." *Id.* Following his convictions, the trial "court sentenced [Mr.] Prater to life in prison without the possibility of parole." *Id.*

Mr. Prater appealed his convictions to the Utah Supreme Court.  He presented one argument: "much of the witness testimony was inherently improbable and therefore the State did not present evidence sufficient to permit a reasonable jury to find him guilty on any of the counts." *Id.*  The Utah Supreme Court rejected this argument and affirmed his convictions.

Mr. Prater then filed a pro se petition for relief in Utah state court under the Utah Post-Conviction Remedies Act, Utah Code Ann. §§ 78B-9-101 to 405 (2017).  He asserted the following claims:  (1) the trial court erred "by admitting . . . into evidence" two copies of the letter suggesting Mr. Prater had committed the murder; (2) the trial court erred by "not allowing defense counsel to withdraw, and not granting a mistrial," based on his counsel's alleged conflict of interest; (3) the prosecutors engaged in misconduct by "presenting . . . known perjured testimony" and by "misstating the definition of manslaughter" in their closing arguments; (4) his trial counsel rendered ineffective assistance by failing to "investigate mishandled physical evidence," "adequately pursue a [potential] defense witness," or prosecute a "post-trial motion for a new trial"; and (5) his appellate counsel rendered ineffective assistance by "fail[ing] to

2

include certain points that [he] wanted raised in the briefs that were submitted to the Utah Supreme Court." R. at 345–48.

The state post-conviction trial court denied the petition, finding claims one, two, and three procedurally barred under Utah Code Ann. § 78B-9-106(1)(b) and (c) because they were "raised or addressed at trial or on appeal," or "could have been raised at trial or on appeal but were not." R. at 379 (internal quotation marks omitted). It rejected Mr. Prater's claims of ineffective assistance of trial counsel on the merits. And it rejected Mr. Prater's claims of ineffective assistance of appellate counsel; though it is not clear whether it did so on the merits or due to Mr. Prater's failure to adequately brief the issue.

The Utah Court of Appeals affirmed. It reasoned the trial court "properly concluded that [claims one, two, and three] were procedurally barred." R. at 448. And it reasoned the trial court "properly dismissed the [ineffective-assistance-of-trial-counsel] claim." *Id.* at 449. As to Mr. Prater's claim of "ineffectiveness of direct appeal counsel," the appellate court noted "the issue [was] so inadequately briefed to make it impossible for [the court] to consider the issue." *Id.* (internal quotation marks omitted).

Mr. Prater then filed a pro se § 2254 petition in the district court. He sought relief on the same grounds he had asserted in claims one, two, three, and five in the state post-conviction proceedings. The district court dismissed all his claims as subject to procedural bar because the state court had dismissed them on independent and adequate

state-procedural-law grounds and Mr. Prater had not demonstrated cause for his procedural default. Mr. Prater now seeks a COA to appeal the district court's dismissal.[2]

## II. Discussion

### A. Legal Background: The COA Standard and Procedural Default

To appeal the dismissal of a § 2254 petition, a petitioner must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), such "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For claims a district court dismisses on a procedural ground without reaching the merits, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Id.*

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can" overcome the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified on other grounds by Martinez v. Ryan*,

---

[2] After filing his Combined Opening Brief and Application for a COA, Mr. Prater submitted a letter referencing supplemental authority. We construe the letter as filed under Federal Rule of Appellate Procedure 28(j) and consider its contents.

566 U.S. 1 (2012). "A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision." *Finlayson v. State*, 6 F.4th 1235, 1238 (10th Cir. 2021) (internal quotation marks omitted). "And it is adequate if it is strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* at 1238–39 (internal quotation marks omitted).

To overcome a procedural default, a petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753. To show prejudice, "a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation" of which he complains. *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (internal quotation marks omitted).

The fundamental miscarriage of justice exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (brackets and internal quotation marks omitted). A claim of actual innocence must be based on new evidence suggesting "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**B. Mr. Prater's Claim for Ineffective Assistance of Counsel on Direct Appeal**

The district court concluded Mr. Prater procedurally defaulted his ineffective-assistance-of-appellate-counsel claim by failing to adequately appeal the post-conviction trial court's rejection of the claim. It observed that "Utah's appellate rules require an appellant to provide a written brief containing a 'statement of the issues presented for review' and arguments incorporating 'reasoned analysis supported by citations to legal authority and the record' that explain 'why the party should prevail on appeal.'" R. at 549 (ellipsis omitted) (quoting Utah R. App. P. 24(a)(5), (8)). And it found, based on its "review of Utah Cases," that "these rules are 'independent and adequate state procedural grounds' for dismissal" of claims "in that they are 'strictly or regularly followed and employed evenhandedly to all similar claims.'" *Id.* (brackets omitted) (quoting *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)). It therefore determined that the state post-conviction appellate court's procedural dismissal of Mr. Prater's ineffective-assistance-of-appellate-counsel claim due to inadequate briefing rendered it beyond the purview of federal habeas review. *See Hobdy v. Raemisch*, 916 F.3d 863, 885 (10th Cir. 2019) (holding that because an "ineffective assistance of appellate counsel claim" had been "defaulted in state court on an independent and adequate state procedural ground," that claim was "procedurally barred for purposes of federal habeas review").

Without challenging this finding,[3] Mr. Prater argues he "has been adequate when addressing the [ineffectiveness] of appellate counsel." Aplt. Combined Opening Br. & Appl. for a COA at 8. To support this argument, he cites documents filed in his direct appeal and asserts those documents sufficed to put the post-conviction appellate court on notice of his claim. We disagree. When a state court dismisses a claim on state-procedural-law grounds, federal courts do not evaluate the correctness of the state court's procedural ruling. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Finlayson*, 6 F.4th at 1240 n.6 ("A federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." (internal quotation marks omitted)). We instead evaluate whether a habeas petitioner has shown "cause for the [procedural] default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Mr. Prater does not argue cause and prejudice or that a miscarriage of justice will result from our failure to consider his ineffective-assistance-of-appellate-counsel claim. Under the applicable standard, we therefore conclude

---

[3] Mr. Prater does challenge the district court's description of the post-conviction trial court's basis for rejecting his ineffective-assistance-of-appellate-counsel claim. But the post-conviction trial court's disposition does not control because in determining whether to impose a procedural bar in habeas, we look to the "last reasoned opinion on the claim." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Coleman*, 501 U.S. at 735–36.

reasonable jurists could not debate the correctness of the district court's application of the procedural bar.

## C. Mr. Prater's Remaining Claims

The district court determined Mr. Prater's other claims are subject to a procedural bar because the Utah state court dismissed them under Utah Code Ann. § 78B-9-106. That section bars Utah prisoners from bringing post-conviction proceedings "upon any ground that . . . was raised or addressed at trial or on appeal" or "could have been but was not raised at trial or on appeal." *Id.* § 78B-9-106(1)(b), (c) (2017).[4] The district court found § 78B-9-106 provides an independent and adequate state procedural ground for dismissing claims. It therefore determined that because the Utah state court dismissed Mr. Prater's other claims on an adequate and independent state procedural ground, he was procedurally barred from seeking federal habeas relief with respect to those claims.

Mr. Prater does not challenge the district court's conclusion that § 78B-9-106 provides an independent and adequate state procedural ground for dismissing claims. But he contends § 78B-9-106 does not apply to his remaining claims. According to Mr. Prater, § 78B-9-106(3) authorizes petitioners to assert claims that were not, but could have been, asserted at trial or on direct appeal, "if the failure to raise [the] ground was due to ineffective assistance of counsel." And, in Mr. Prater's view, he did not assert his remaining claims on direct appeal due to his appellate counsel's ineffectiveness. This

---

[4] The Utah legislature amended § 78B-9-106 after Mr. Prater filed his federal habeas petition to add the phrase "in the trial court" before the phrase "at trial" in each place where it appears. 2021 Utah Laws Ch. 46 § 2. We cite the earlier version because it provided the basis for the state post-conviction court's dismissal of Mr. Prater's claims.

argument fails because the state court applied § 78B-9-106 to procedurally bar Mr. Prater's claims, and we cannot question that application. *See Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Mr. Prater further contends that even if the procedural bar's application cannot be questioned as a matter of state law, his appellate counsel's ineffectiveness provides cause for the procedural default that warrants excusing it as a matter of federal habeas law. After all, "an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default." *Martinez*, 566 U.S. at 11. But "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). In other words, Mr. Prater had to provide a valid reason for us to hear his ineffective-assistance-of-appellate-counsel claim to use that claim as a basis for excusing the procedural default of other claims. And, as noted above, Mr. Prater failed to satisfy the cause-and-prejudice standard with respect to his ineffective-assistance-of-appellate-counsel claim.

Mr. Prater also asks us to grant a COA due to the state criminal trial court's error or plain error. But for the reasons we have already discussed, Mr. Prater has not established cause to excuse his procedural default. And the Supreme Court long ago rejected the argument that it "should replace or supplement the cause-and-prejudice standard with a plain-error inquiry." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). It did so

because "the burden of justifying federal habeas relief for state prisoners is greater than the showing required to establish plain error on direct appeal." *Id.* at 134–35 (internal quotation marks omitted).

We conclude that reasonable jurists could not debate the correctness of the district court's application of the procedural bar to Mr. Prater's remaining claims.

## D. Cumulative Error

Mr. Prater finally urges us to consider cumulative error in evaluating his claims. But "[i]n a cumulative error analysis, a court may not consider claims that are procedurally defaulted." *Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 916 (10th Cir. 2019) (ellipsis and internal quotation marks omitted). "So [Mr. Prater's] claims, having been ruled procedurally barred, have no place in [a] cumulative-error analysis." *Id.*

## III.  Conclusion

We deny Mr. Prater's request for a COA and dismiss this matter.


Entered for the Court


Veronica S. Rossman
Circuit Judge